UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUMMER TURNER,<br><br>                Plaintiff,<br><br>    v.<br><br>STATE OF COLORADO,<br>SALVATION ARMY,<br><br>                Defendants. | CASE NO. C22-390 MJP<br><br>ORDER DISMISSING CASE |

The Court issues this Order sua sponte. Having reviewed Plaintiff's complaint (Dkt. No. 5) and the balance of the record, the Court DISMISSES Plaintiff's complaint in accordance with 28 U.S.C. § 1915(e)(2) without prejudice for improper venue and for failure to state a claim.

First, it does not appear that this Court is the proper venue for Plaintiff's claims. Under 28 U.S.C. § 1391(b), "a civil action may be brought in — (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if

ORDER DISMISSING CASE - 1

there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." As alleged, both Defendants are Colorado entities, one without a principal place of business listed and one with a principal place of business in Colorado. (Complaint at 4 (Dkt. No. 5).) Additionally, Plaintiff's complaint does not describe where the events or omissions occurred. Given these allegations, venue is not proper in this District.

Second, Plaintiff's complaint does not contain allegations sufficient to satisfy the pleading standards of Rule 8 of the Federal Rules of Civil Procedure. To satisfy Rule 8, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the allegations are inadequate to satisfy Rule 8. Id. at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Twombly, 559 U.S. at 557 (quotation omitted); see Adams v. Johnson, 355 F.3d 1179, 1183 (9th Cir. 2004) ( "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss."). Plaintiff's statement of claim appears to suggest that Defendant Colorado State breached a contract from 1993 by doing the following, taken verbatim: "Rapped", "kidnappin child/self", "beaten." (Compl. at 5.) The Court cannot understand these allegations and they do not present a plausible claim for relief. Nor has Plaintiff identified any allegations relating to Defendant Salvation Army. The

allegations in the complaint fail to satisfy Rule 8 and do not state a claim for relief against either defendant that can be granted.

Having identified these defects in the complaint, the Court DISMISSES the complaint pursuant to 28 U.S.C. 1915(e)(2)(B). This statute applies because Plaintiff has been granted leave to proceed in forma pauperis. Section 1915(e)(2)(B)(ii) states that the Court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." Given that Plaintiff's complaint does not state a claim for relief, the Court dismisses the action. The Court dismisses the action without prejudice, which allows Plaintiff the opportunity to file an amended complaint to cure the defects identified in this Order. Should Plaintiff file an amended complaint, she must ensure the allegations are sufficiently detailed to state a claim that is plausible on its face. And the amended complaint must cure the problem the Court has identified as to venue. The Court GRANTS Plaintiff 21 days leave to file an amended complaint. Failure to file an amended complaint and/or an amended complaint that cures the defects identified in this Order may lead to dismissal of this case with prejudice.

The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

Dated April 8, 2022.

Marsha J. Pechman
United States Senior District Judge

ORDER DISMISSING CASE - 3